USCA1 Opinion

 

 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 96-1522 ELAINE OLIVEIRA, Plaintiff, Appellant, v. U-HAUL COMPANY OF INDIANA, Defendant, Appellee.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ernest C. Torres, U.S. District Judge] ___________________  ____________________ Before Cyr, Circuit Judge, _____________ Aldrich and Campbell, Senior Circuit Judges. _____________________  ____________________ Timothy D. O'Hara, with whom Resmini, O'Hara, Cantor & Resmini _________________ _________________________________ was on brief for appellant. Jeffrey C. Schreck, with whom Brown, Rudnick, Freed & Gesmer was __________________ ______________________________ on brief for appellee.  ____________________ December 17, 1996  ____________________ Per Curiam. Plaintiff Elaine Oliveira appeals a Per Curiam. ___________ district court ruling denying a new jury trial, see Fed. R. Civ. ___ P. 59, on her tort claim against U-Haul Company of Indiana alleging that U-Haul was jointly and severally liable for inju- ries she sustained when struck by a U-Haul vehicle. As the jury found that the driver was not negligent, judgment entered for U- Haul. Oliveira claims the verdict went against the weight of the evidence.  We review the denial of a motion for new trial only for abuse of discretion. See Lamas v. Borras, 16 F.3d 473, 477 (1st ___ _____ ______ Cir. 1994) (no abuse of discretion unless "the verdict is so clearly against the weight of the evidence as to amount to a manifest miscarriage of justice."). A thorough review of the trial record discloses sufficient evidentiary support for the verdict. Since there was a genuine factual dispute as to whether the driver's reaction time demonstrated negligence, the jury's verdict cannot be considered a manifest miscarriage of justice. See id.  ___ ___ Affirmed. ________ 2